1

2

James G. Abernathy
WSBA # 48801
c/o Freedom Foundation
PO Box 552
Olympia, WA, 98507
jabernathy@freedomfoundation.com

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**AT RICHLAND**

8

9

10

CAROLYN CROUTHAMEL, DIANE
MCCALLISTER, and JOANNE BAKER,
on behalf of themselves and all others
similarly situated, as individuals,

Case No. 4:20-cv-5076

11

**CLASS ACTION COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY JUDGMENT,
AND DAMAGES**

12

Plaintiffs,

13

v.

14

WALLA WALLA PUBLIC SCHOOLS, a
Washington public school district,
EVERGREEN PUBLIC SCHOOL
DISTRICT, a Washington public school
district, KENT PUBLIC SCHOOL
DISTRICT, a Washington public school
district, and PUBLIC SCHOOL
EMPLOYEES, SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL
1948, a labor corporation,

**JURY DEMAND**

15

16

17

18

19

Defendants.

20

21

22

23

24

Complaint
No. 4:20-cv-5076                    1

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**INTRODUCTION**

1. The First Amendment does not allow the government to deduct union payments from its employees' wages without proper consent. Additionally, the First and Fourteenth Amendments do not permit the government to seize union payments from its employees' wages based exclusively on a union's *ex parte* application, the entity to whom the government remits the payments.

2. This class action case addresses two primary questions: (1) may a government, consistent with the First Amendment, deduct union payments from the wages of public employees who have not waived their First Amendment right to not fund union advocacy, *see Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018); and (2) may a government, consistent with the Fourteenth Amendment's due process clause (and the First Amendment's procedural requirements), seize union payments from the wages of employees based exclusively on the *ex parte* application of the union to whom the government remits the payments.[1] *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292 (1986)

3. Plaintiffs Carolyn Crouthamel ("Crouthamel"), Diane McCallister ("McCallister"), Joanne Baker ("Baker"), and the class members they represent, are public school district employees in Washington State from whose wages their

---

[1] This lawsuit also also includes claims for unjust enrichment, breach of contract, conspiracy, and a violation of Plaintiffs' freedom of association.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

public school district employers (the "Districts")[2] deduct union payments pursuant to RCW 41.56.110. These Districts do so despite the fact that Plaintiffs object to union membership and any union dues deductions, and have not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union advocacy. The Districts remit those deductions to Public School Employees, Service Employees International Union Local 1948 ("SEIU 1948").

4.     Defendants claim the deductions are proper pursuant to RCW 41.56.110 and Plaintiffs' signatures on dues deduction authorization agreements. The agreements allegedly authorize and require the Districts to deduct such dues from Plaintiffs, even though the agreements do not inform Plaintiffs of their First Amendment right to not fund union advocacy, Plaintiffs are not union members, and Plaintiffs objected to the deductions. Further, the Districts are statutorily required under RCW 41.56.110(4) to rely **only** on information provided by SEIU 1948 regarding whether employees, including Plaintiffs, have authorized seizures of union dues from their wages.

5.     RCW 41.56.110 requires the Districts to deduct union payments from Plaintiffs' wages (1) without securing the consent required by the First Amendment, and (2) in exclusive reliance on information provided by SEIU 1948 regarding the authorizations of the deductions. The Districts and SEIU 1948 implement RCW 41.56.110's procedure for the Districts' seizure of union dues from its employees'

---

[2] Defendants Walla Walla Public Schools, Evergreen Public School District, and Kent Public School District hereinafter collectively referred to as "the Districts."

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

wages through collective bargaining agreements ("CBAs") executed by the Districts and SEIU 1948. Defendants apply these procedures to Plaintiffs.

6.    This is a civil rights class action pursuant to 42 U.S.C. § 1983, seeking declaratory judgment, injunctive relief, as well as nominal, compensatory, and punitive damages and restitution of union payments illegally seized from Plaintiffs.

7.    Defendants are state actors acting under color of state law—specifically RCW 41.56.110 and the aforementioned CBAs.

## II. JURISDICTION AND VENUE

8.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because this case arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief, including preliminary and permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Pocedure.

9.    Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims stated in this Complaint, as they are so related to the federal claims as to form part of the same case or controversy.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and intra-district assignment to the Richland Division is proper, because the claims arise in this judicial district and division and Defendants do business and operate in this judicial district and division.

## III. PARTIES

11.    Plaintiff Carolyn Crouthamel works for Walla Walla Public Schools as

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

a secretary in Walla Walla, Washington, and has done so since August 2010. State law forces Plaintiff Crouthamel to be exclusively represented by SEIU 1948. She is subject to her employer's enforcement of RCW 41.56.110 and the CBAs.

12.    Plaintiff Diane McCallister works for the Evergreen Public School District in Vancouver, Washington, as a budget secretary and has done so since 2004. State law forces Plaintiff McCallister to be exclusively represented by SEIU 1948. She is subject to her employer's enforcement of RCW 41.56.110 and the CBAs.

13.    Plaintiff Joanne Baker works for the Kent School District in Kent, Washington as an Administrative Assistant and has done so for over ten years. State Law forces Plaintiff Baker to be exclusively represented by SEIU 1948. She is subject to her employer's enforcement of RCW 41.56.110 and the CBAs.

14.    Defendant Walla Walla School District is a Washington public school district in Walla Walla, Washington.

15.    Defendant Evergreen Public School District is a Washington public school district in Vancouver, Washington.

16.    Defendant Kent School District is a Washington public school district in Kent, Washington.

17.    Defendant SEIU 1948 is the state-recognized exclusive representative of Plaintiffs, and is headquartered at 602 W. Main St., Auburn, WA 98001-5225. SEIU 1948 represents approximately 30,000 people in Washington State, including employees at public school districts across the state.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

# IV. STATEMENT OF FACTS

18.    Plaintiffs are employees of the Districts and State law forces Plaintiffs into bargaining units exclusively represented by SEIU 1948. CBAs between the Districts and SEIU 1948 govern Plaintiffs and their bargaining units.

19.    The Districts deduct union payments from Plaintiffs' wages pursuant to RCW 41.56.110, which was incorporated by the Districts and SEIU 1948 into the CBAs (Article 11 of the 2016-2019 and 2019-2022 CBAs with Walla Walla School District ("Walla Walla CBAs"); Article 14 of the 2016-2019 and 2019-2022 CBA with Evergreen Public Schools ("Evergreen CBAs"); Article 14 of the 2018-2020 CBA with Kent School District ("Kent CBA")).

20.    RCW 41.56.110 requires the District to rely exclusively on information provided by SEIU 1948 regarding which employees have and have not properly authorized the deduction of union payments from their wages, as well as which employees have and have not properly revoked union membership and authorization for dues deductions.

## A. *Plaintiff Carolyn Crouthamel*

21.    Crouthamel is employed by the Walla Walla School District as a secretary and began her employment in August 2010

22.    Soon after her employment began, Crouthamel believes she signed a union dues deduction authorization and membership agreement that allowed her to revoke union membership and cease paying full union dues at any time.

23.    At the time Crouthamel signed this agreement in 2010, all employees in her bargaining unit were required, pursuant to the applicable CBA at the time, to

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    pay compulsory union fees even if they were not union members.

2    **B. _Plaintiff Diane McCallister_**

3    24.    McCallister is employed by the Evergreen Public schools as a budget

4    secretary and began her employment with the District in 2004.

5    25.    McCallister signed a union dues deduction authorization and

6    membership agreement in 2004 because she believed she needed to do so as a

7    condition of employment. Under the terms of the this agreement, McCallister could

8    revoke union membership and cease paying full union dues at any time.

9    26.    At the time McCallister signed the 2004 agreement, all employees in

10   her bargaining unit were required, pursuant to the applicable CBA at the time, to

11   pay compulsory union fees even if they were not union members.

12   **C. _Plaintiff Joanne Baker_**

13   27.    Baker is employed by Kent School District as an Administrative

14   Assistant and has worked in that capacity for over ten years.

15   28.    Soon after her employment began, Baker signed a union dues deduction

16   authorization and membership agreement that allowed her to revoke union

17   membership and cease paying full union dues at any time.[3]

18   29.    At the time Baker signed this agreement, all employees in her

19   bargaining unit were required, pursuant to the applicable CBA at the time, to pay

20
     _____

21   [3] Agreements signed by Plaintiffs near the beginning of their employment, which do

22   not include Irrevocability Provisions, are hereinafter collectively referred to as

23   "original agreements."

24

Complaint
No. 4:20-cv-5076                              6

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    compulsory union fees even if they were not union members.

2    ### D. **Janus** *and SEIU 1948's New Dues Deduction Authorization Agreements*

3    30.    On June 27, 2018, the U.S. Supreme Court in *Janus v. AFSCME,*

4    *Council 31*, held that "[n]either an agency fee nor any other payment to the union

5    may be deducted from a nonmember's wages, nor may any other attempt be made

6    to collect such a payment, unless the employee affirmatively consents to pay." 138

7    S. Ct. at 2486. The Supreme Court also held that agreeing to make any payments to

8    a union constitutes a waiver of a constitutional right and that "such a waiver cannot

9    be presumed" and "must be freely given and shown by clear and convincing

10    evidence." *Id*.

11    31.    Shortly before the U.S. Supreme Court issued the *Janus* decision,

12    however, the Districts and SEIU 1948 distributed and solicited employee signatures

13    on *new* union dues deduction authorization and membership agreements (the "New

14    Agreements"), including those who had signed previous agreements.

15    32.    These New Agreements offered employees no new rights or benefits,

16    but included a new provision which allowed employees to revoke their

17    authorization for union dues deductions **only** during a **narrow window period** "not

18    less than thirty (30) days and not more than forty-five (45) days before the annual

19    anniversary date of this agreement or the date of termination of the applicable

20    contract between the employer and PSE SEIU 1948…whichever occurs sooner"

21    (the "Irrevocability Provision").

22    33.    The Irrevocability Provision automatically renews "from year-to-year

23    unless I [the employee] revoke it in writing during the window period as referenced

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  above."

2  34.    Neither the Original Agreements nor the New Agreements notify

3  employees of their right under the First Amendment to pay nothing to a union.

4  35.    Crouthamel signed a New Agreement on April 27, 2018. At the time, a

5  SEIU 1948 representative told Crouthamel that she needed to sign the New

6  Agreement and that she would need to call the state office about opting out.

7  36.    Baker signed a New Agreement on May 3, 2018.

8  37.    McCallister signed a New Agreement on August 13, 2018, having been

9  told by a SEIU 1948 representative that its purpose was simply to "show support."

10  **E.  _Plaintiffs' Objections and Defendants' Responses_**

11  _1.  Plaintiff Crouthamel's objection and Defendants' responses_

12  38.    Crouthamel learned of her _Janus_ rights for the first time, after signing

13  the New Agreement, through a third party's civil rights education program.

14  39.    On January 10, 2019, Crouthamel **resigned her membership** in SEIU

15  1948 and **objected to union payments** in writing to SEIU 1948.

16  40.    In response, Jessica Shillander, Membership, Communications, and

17  New Media Director for SEIU 1948, sent a letter to Crouthamel dated February 13,

18  2019. The letter informed Crouthamel that, based on the New Agreement,

19  Crouthamel could not cancel her union payments until the narrow window period

20  described in the New Agreement, which was March 13, 2019 through March 28,

21  2019.

22  41.    SEIU 1948 informed Crouthamel by this letter that she would need to

23  object to union dues deductions **a second time** during that window in order to stop

24

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1     the deductions.

2          42.     SEIU 1948 also refused to honor Crouthamel's union membership

3     resignation. Instead, SEIU 1948 in this letter "urge[d]" Crouthamel to consider the

4     benefits of union membership "[b]efore making this important decision…"

5          43.     Walla Walla School District continued to deduct union payments from

6     Crouthamel's wages, despite her resignation of union membership and objection to

7     union payments, at the exclusive direction of SEIU 1948's *ex parte* application

8     pursuant to RCW 41.56.110 and the Article 11 of the 2016-2019 Walla Walla CBA.

9          44.     Crouthamel did not acquiesce in SEIU 1948's demand to object a

10    second time to union dues deductions during the narrow window of March 13, 2019

11    through March 28, 2019.

12         45.     Walla Walla School District continued to deduct union payments from

13    Crouthamel's wages after March 28, 2019, despite her resignation of union

14    membership and objection to union payments, at the exclusive direction of SEIU

15    1948's *ex parte* application pursuant to RCW 41.56.110 and the Article 11 of the

16    2016-2019 and 2019-2022 Walla Walla CBAs.

17         46.     A year later, Crouthamel again **resigned her union membership** in

18    SEIU 1948 and **objected to dues deductions** in writing to SEIU 1948 **a second**

19    **time** by letter dated March 10, 2020 (and later in writing to her employer).

20         47.     After Crouthamel's second resignation and objection, SEIU 1948

21    finally instructed Walla Walla School District to stop deducting union dues from

22    her wages. Walla Walla School District stopped deducting union dues from

23    Crouthamel's wages starting in May 2020.

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1          *2. Plaintiff Baker's objection and Defendants' responses*

2          48.    Baker learned of her *Janus* rights for the first time after signing the New

3    Agreement, through a third party's civil rights education program.

4          49.    In between March 19, 2019 and April 3, 2019, Baker **resigned her**

5    **membership** in SEIU 1948 and **objected to union payments** in writing to SEIU

6    1948. Baker followed up with SEIU 1948 in late April/early May 2019, but SEIU

7    1948 claimed they never received her letter and instructed her to object again in

8    October 2019.

9          50.    On October 9, 2019, Baker **resigned her membership** in SEIU 1948

10    and **objected to union payments** in writing to SEIU 1948 (and later in writing to

11    her employer).

12          51.    In response, Jessica Shillander, Membership, Communications, and

13    New Media Director for SEIU 1948, sent a letter to Baker dated September 30,

14    2019.[4] The letter informed Baker that, based on the New Agreement, Baker could

15    not cancel her union payments until the narrow window period described in the New

16    Agreement.

17          52.    Ms. Shillander informed Baker by this letter that her window period

18    was March 19, 2020 through April 3, 2020, at which time SEIU 1948 would inform

19    ─────────────────────

[4] SEIU 1948's letter to Baker is incorrectly dated in the heading as September 30,

20    2019. Baker resigned her union membership and objected to union payments on

21    October 9, 2019 and the text of SEIU 1948's letter acknowledges this correct

22    October 9 date. Baker received SEIU 1948's letter in mid to late October.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    her employer, Kent School District, to stop deducting union payments from her

2    wages as of March 19, 2020.

3        53.    Kent School District continued to deduct union payments from Baker's

4    wages, despite her resignation of union membership and objection to union

5    payments, at the exclusive direction of SEIU 1948's *ex parte* application pursuant

6    to RCW 41.56.110 and Article 14 of the Kent CBA. The deductions ceased in

7    March 2020.

8            *3.  Plaintiff McCallister's objection and Defendants' responses*

9        54.    McCallister learned of her *Janus* rights for the first time after signing

10   the New Agreement, through a third party's civil rights education program.

11       55.    On September 13, 2019, McCallister **resigned her membership** in

12   SEIU 1948 and **objected to union payments** in writing to SEIU 1948.

13       56.    On October 10, 2019, McCallister **resigned her membership** in SEIU

14   1948 and **objected to union payments** in writing to her employer's payroll

15   department.

16       57.    In response, Jessica Shillander, Membership, Communications, and

17   New Media Director for SEIU 1948, sent letters to McCallister dated September

18   24, 2019, and October 30, 2019, informing her that her resignation of union

19   membership "has been processed and your status changed to non-member."

20   However, citing a New Agreement McCallister signed, the letter informed

21   McCallister that she could not cancel union payments until the narrow window

22   period described in each of their respective New Agreements.

23       58.    Ms. Shillander informed McCallister by this letter that her window

24

Complaint
No. 4:20-cv-5076                    11

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

period is June 29, 2020 through July 14, 2020, at which time SEIU 1948 would inform her employer, Evergreen Public Schools, to stop deducting union payments from her wages as of June 29, 2020.

59.    Evergreen Public Schools continued to deduct union payments from McCallister's wages, despite McCallister's resignation of union membership and objection to union payments, at the exclusive direction of SEIU 1948's *ex parte* application pursuant to RCW 41.56.110 and the Article 14 of the Evergreen CBA. These deductions were ongoing at the time this lawsuit was filed.

## V. CLASS ALLEGATIONS

60.    Plaintiffs bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for themselves and for all others similarly situated, and any subclasses deemed appropriate by this Court. The class consists of all individuals: 1) who are employed by the Districts and exclusively represented by SEIU 1948[5]; 2) who have resigned union membership and the payment of any union dues or fees; 3) from whom the Districts continued and/or continues to deduct union dues/fees on behalf of SEIU 1948 pursuant to RCW 41.56.110 and CBAs executed between the school districts and SEIU 1948; and (only for the First Amendment compelled speech claim and breach of contract claim) 4) who have not clearly and affirmatively consented to dues/fees

---

[5] A separate class may be necessary for employees of public school districts in the State of Washington, but not employed by Defendant employers here, and who are exclusively represented by PSE SEIU 1948—as against PSE SEIU 1948.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

deductions by waiving the constitutional right to not fund union political advocacy. The class includes everyone who comes within the class definition at any time from (3) three years prior to the commencement of this action until the conclusion of this action.

61.    Upon information and belief, there are hundreds of class members. Their number is so numerous and in varying locations and jurisdictions across Washington that joinder of all class members is impractical.

62.    There are questions of law and fact common to all class members, including Plaintiffs. Factually, the Districts have continued to deduct union dues/fees pursuant to RCW 41.56.110 from all class members who have objected to union membership and the payment of any union dues or fees. The Districts continue to deduct union dues/fees from Plaintiffs' and class members' wages based exclusively on information provided by SEIU 1948 as to the validity of the deductions. The question of law is the same for all class members: Do these deductions violate Plaintiffs' and class members' First Amendment free speech rights and/or Fourteenth Amendment due process rights?

63.    Plaintiffs' claims and defenses are typical of other members of the class because, pursuant to RCW 41.56.110, the Districts seized and/or are seizing union dues/fees from class members who have resigned union membership and objected to the payment of union dues/fees. The Districts seize this money on behalf of SEIU 1948 even though Plaintiffs have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy. The Districts collect union payments from Plaintiffs' and class members' wages

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  pursuant to RCW 41.56.110 based exclusively on information from SEIU 1948.

2  The District and SEIU have an identical duty to Plaintiffs and all other class

3  members regarding these claims.

4      64.    Plaintiffs can fairly and adequately represent the interests of the class

5  and have no conflict with other, similarly-situated class members. Plaintiffs also

6  have no interest antagonistic to others who have been subjected by the District and

7  SEIU 1948 to the aforementioned union dues/fee deductions.

8      65.    Defendants' duty to cease the aforementioned union dues/fee

9  deductions and pay back all monies unlawfully deducted, applies equally to all in

10  the respective class, and the prosecution of separate, duplicative actions by

11  individual class members would create a risk of inconsistent or varying

12  adjudications which would establish incompatible standards of conduct for

13  Defendants.

14      66.    Defendants have acted to deprive Plaintiffs of their constitutional rights

15  on grounds generally applicable to all class members, thereby making appropriate

16  declaratory, injunctive, and other equitable relief with regard to the class as a whole.

17      67.    The Plaintiffs are represented by the undersigned counsel *pro bono*.

18  Counsel is employed by a long-established charitable organization experienced in

19  furnishing representation to unionized public and partial-public employees whose

20  constitutional rights have been violated.

21      68.    A class action can be maintained under Rule 23(b)(3) because questions

22  of law or fact common to the members of the class predominate over any questions

23  affecting only individual members, in that the important and controlling questions

24

Complaint
No. 4:20-cv-5076                    14

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

of law and fact are common to all members of the class, *i.e.*, whether the aforementioned dues deductions violate their First Amendment free speech rights and Fourteenth Amendment due process rights, and whether certain dues deduction authorization agreements constitute a valid waiver of constitutional rights. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in as much as the individual class members are deprived of the same rights by Defendants' actions, differing only in the amount of money deducted which is, for legal purposes, immaterial. This fact is known to the Defendants and easily calculated from Defendants' business records. The limited amount of money involved in the case of each individual's claim (union dues/fee deductions since each class member objected to union membership and the payment of any union dues/fees or, alternatively, union due/fee deductions since the New Agreements renewed when class members were nonmembers, or, alternatively, union due/fee deductions since each class member began employment) would make it unduly burdensome for the class members to maintain separate actions.

69.     A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

70.     A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of union dues/fees deductions in the aforementioned circumstances, as a practical matter, will be dispositive of the interests of all class members.

71.     The illegal actions taken by Defendants were taken pursuant to the same

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

statutes and collective bargaining agreements, and constitute a concerted scheme resulting in the violation of Plaintiffs' and class members' rights. Additionally, the affiliation among the Defendants presents an organizational structure which makes it expedient for the named Plaintiffs and members of the of the class to proceed against all named Defendants.

## VI. CLAIMS FOR RELIEF

### CLAIM 1
**First Amendment, through 42 U.S.C. § 1983**
*Deducting union dues/fees from Plaintiffs' wages pursuant to RCW 41.56.110 and/or the applicable CBAs violates the First Amendment to the United States Constitution.*

72.    Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

73.    RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs, on their face and as applied, violate Plaintiffs' First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to not associate with a mandatory representative, and to not support (financially or otherwise) petitioning and speech, and against compelled speech. RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs authorize and compel the Districts to deduct union dues/fees from Plaintiffs' wages even though they have not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union advocacy.

74.    RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs also violate the First Amendment because they

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

authorize and compel the Districts to deduct union due/fees from Plaintiffs' and class members' wages without the necessary procedural safeguards.

75. RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs also violate the First Amendment because they force employees, including Plaintiff Crouthamel, to be union members over their objection.

76. Consent to fund union advocacy cannot be presumed and Plaintiffs have not waived their constitutional right to not fund union advocacy.

77. No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

78. RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs are significantly broader than necessary to serve any possible alleged government interest.

79. RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs are not carefully or narrowly tailored to minimize the infringement of free speech rights.

### CLAIM 2
**Fourteenth Amendment, through 42 U.S.C. § 1983**
*RCW 41.56.110 violates Plaintiffs'*
*Fourteenth Amendment due process rights.*

80. Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

81. Defendants' wage exaction scheme pursuant to RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

CBAs violates Plaintiffs' Fourteenth Amendment due process rights because it results in the seizure of Plaintiffs' wages without constitutionally required procedural safeguards. Specifically, *inter alia*, the procedure is entirely controlled by SEIU 1948, an interested party, the Districts must seize money from Plaintiffs' and class members' wages and remit it to SEIU 1948 on the *ex parte* application of SEIU 1948, and/or no notice must be given to employees before the seizure of their money/property.

82.     Plaintiffs have a property interest in the wages they have earned, and also possess a liberty interest protected by the Constitution to not have their property/wages seized by their government employers and remitted to SEIU 1948.

83.     None of the Plaintiffs have waived their Fourteenth Amendment due process rights.

84.     No compelling state interest justifies this infringement on Plaintiffs' Fourteenth Amendment due process rights.

85.     Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs are significantly broader than necessary to serve any possible alleged government interest.

86.     Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs are not carefully or narrowly tailored to minimize the infringement of Fourteenth Amendment rights.

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**CLAIM 3**
**First Amendment, through 42 U.S.C. § 1983**
*RCW 41.56.110, Article 11 of the Walla Walla CBA, and Article 14 of the*
*Evergreen and Kent CBAs violate Plaintiffs' freedom of association*

87.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

88.     RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs, other cited provisions of the CBAs, and Defendants' actions pursuant thereto violate Plaintiffs' First Amendment right to the freedom of association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to the extent they force Plaintiffs to maintain union membership over their objection.

89.     Consent to fund union advocacy cannot be presumed and Plaintiffs have not waived their constitutional right not to fund union advocacy.

90.     No compelling state interest justifies this infringement on Plaintiffs' and class members' First Amendment right to freedom of association.

91.     Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs are significantly broader than necessary to serve any possible alleged government interest.

92.     Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs are not carefully or narrowly tailored to minimize the infringement of First Amendment rights.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1

2

### CLAIM 4
### First Amendment, through 42 U.S.C. § 1983
***Defendants have illegally conspired to knowingly deprive Plaintiffs and class members of their constitutional rights.***

3

4

93.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

5

6

7

8

9

94.     Defendants conspired to deprive Plaintiffs of their First and Fourteenth Amendment rights by unlawfully deducting union dues/fees from Plaintiffs' wages. There was an agreement to deprive Plaintiffs of their rights, a meeting of the minds to pursue this objective, and Defendants took several overt acts, described above, to accomplish this objective.

10

11

12

13

95.     By deducting union/dues fees from Plaintiffs' wages in the manner described herein, Defendants acted with malice and/or showed a reckless and outrageous indifference to a highly unreasonable risk of harm, and/or acted with a conscious indifference to the rights and welfare of others, including Plaintiffs.

14

15

16

### CLAIM 5
### Breach of Contract
***Defendants New Agreements are invalid and Defendants breached the original union dues deduction agreements.***

17

18

96.     Plaintiffs incorporate by reference and re-allege herein all Paragraphs above.

19

20

97.     The New Agreements, which contained irrevocability provisions limiting when Plaintiffs could object to dues deductions, were not valid contracts because they lacked consideration.

21

22

23

98.     Additionally, the New Agreements, which contained irrevocability provisions limiting when Plaintiffs could object to the dues deductions, are also not

24

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    valid contracts because they fail to constitute First Amendment waivers.

2        99.    The original dues deduction authorization agreements signed by

3    Plaintiffs did not limit when Plaintiffs could revoke membership or authorization

4    for the deductions.

5        100.    Defendants breached the original agreements when they continued to

6    seize union payments from Plaintiffs' wages after Plaintiffs revoked authorization

7    for the union payments to be deducted from their wages.

8        101.    Plaintiffs have been damaged by Defendants' contract violations in the

9    form of unlawfully seized wages deducted by the Districts and remitted to SEIU

10    1948.

11    

CLAIM 6<br>
Unjust Enrichment<br>
*Defendants' scheme unjustly enriched Defendant SEIU 1948.*

13        102.    Plaintiffs incorporate by reference and re-allege herein all Paragraphs

14    above.

15        103.    SEIU 1948 knowingly received a benefit in the form a percentage of

16    Plaintiffs' wages pursuant to the dues exaction scheme described above.

17        104.    SEIU 1948 benefited at Plaintiffs' expense because the Districts

18    deducted a percentage of their wages and remitted the money to SEIU 1948, and

19    SEIU 1948 knowingly benefited from, and was aware of, receiving Plaintiffs'

20    money.

21        105.    The circumstances of Defendants' scheme make it unjust for SEIU

22    1948 to retain the benefit of Plaintiffs' seized wages.

23

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1

## VI. PRAYER FOR RELIEF

2      106.   Plaintiffs incorporate by reference and re-allege herein all Paragraphs

3   above.

4      107.   Plaintiffs and class members have been injured as a result of

5   Defendants' conduct as described above in deducting union dues/fees, even though

6   Plaintiffs have not clearly and affirmatively consented to the deductions by waiving

7   the constitutional right to not fund union advocacy; and because Defendants' dues

8   deduction scheme lacks the constitutionally required procedural safeguards in that,

9   *inter alia*, the procedure is entirely controlled by SEIU 1948, an interested party,

10  the Districts must seize Plaintiffs' wages and remit them to SEIU 1948 on the *ex*

11  *parte* application of SEIU 1948, and the procedure results in the deprivation of

12  Plaintiffs' money/property without notice. Accordingly, Plaintiffs pray for the

13  following relief:

14     108.   **Declaratory Judgment**: enter a Declaratory Judgment that RCW

15  41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen

16  and Kent CBAs, and other cited provisions of the CBAs, on their face and as

17  applied, violate the First Amendment's free speech clause and Fourteenth

18  Amendment's due process clause and are unconstitutional and of no effect because

19  they permit and compel the State to deduct union dues/fees from Plaintiffs' wages

20  even though they have not clearly and affirmatively consented to the deductions by

21  waiving the constitutional right to not fund union advocacy, and/or because the dues

22  deduction procedure lacks the constitutionally required procedural safeguards in

23  that, *inter alia*, it is entirely controlled by SEIU 1948, an interested party, the

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Districts must seize Plaintiffs' wages and remit them to SEIU 1948 on the *ex parte* application of SEIU 1948, and the procedure results in the deprivation of Plaintiffs' money/property without notice;

109. **Declaratory Judgment**: enter a Declaratory Judgment that Defendants conspired to deprive Plaintiffs and class members of their First Amendment free speech rights and Fourteenth Amendment due process rights by deducting union dues/fees from their wages even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy, and/or because the dues deduction procedure lacks the constitutionally required procedural safeguards in that, *inter alia*, it is entirely controlled by SEIU 1948, an interested party, the Districts must seize Plaintiffs' wages and remit them to SEIU 1948 on the *ex parte* application of SEIU 1948, and the procedure results in the deprivation of Plaintiffs' money/property without notice;

110. **Declaratory Judgment**: enter a Declaratory Judgment that Defendants breached its contracts with Plaintiffs and class members, were unjustly enriched by the deduction of union dues from Plaintiffs' and class members' wages, and violated Plaintiffs' First Amendment freedom of association;

111. **Preliminary injunction and/or Temporary Restraining Order:** issue a preliminary injunction and/or temporary restraining order enjoining Defendants from engaging in any activity this Court declares is illegal or likely illegal. Plaintiffs are likely to prevail on the merits, likely to suffer irreparable harm in the absence of preliminary injunctive relief, the balance of equities tips in Plaintiffs' favor, and an injunction is in the public interest;

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

112. **Permanent injunction:** issue a permanent injunction enjoining Defendants from engaging in any activity this Court declares illegal, including but not limited to, the deduction of union dues/fees from Plaintiffs' and class members' wages, and the continuation and enforcement of RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Kent and Evergreen CBAs, and other cited provisions of the CBAs, insofar as doing so is unconstitutional and of no effect;

113. **Compensatory Damages:** enter a judgment against Defendants awarding Plaintiffs and class members compensatory damages in an amount equal to (1) all union dues/fees deducted from Plaintiffs' respective wages going back to the extent of the relevant statute of limitations or the date each Plaintiff began employment, or alternatively, (2) all union dues/fees deducted since Plaintiffs resigned union membership and objected to the payment of any dues/fees, or alternatively, (3) all union dues/fees deducted since the U. S. Supreme Court issued *Janus v. AFSCME, Council 31,* 138 S. Ct. 2448 (2018), as well as nominal damages, mental anguish damages, and restitution;

114. **Nominal Damages:** enter a judgment awarding Plaintiffs nominal damages against Defendants for the lack of procedural safeguards in Defendants' continuation and enforcement of RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the relevant Kent and Evergreen CBAs, and other cited provisions of the CBAs;

115. **Class Action:** enter an order certifying this case as a class action under Fed. R. Civ. P. 23(b)(1)(a) or (b)(2), or, alternatively, (b)(3), as defined in the

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Complaint, and any subclasses the Court deems appropriate, certifying Plaintiffs as class representatives for the class, and any subclasses the Court deems appropriate, and appointing Plaintiffs' counsel as class counsel for the class;

116.    **Costs and attorneys' fees:** award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; and

117.    **Other relief:** grant Plaintiffs such other and additional relief as the Court may deem just and proper.

Dated: May 13, 2020

By: _____
James G. Abernathy, WSBA #48801
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
JAbernathy@freedomfoundation.com

*Attorney for Plaintiffs*

By: _____
Shella Sadovnik, WSBA #55939 (application to Eastern District pending)
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
p. 360.956.3482
f. 360.352.1874
SSadovnik@freedomfoundation.com

*Attorney for Plaintiffs*

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874