Robert H. Lavitt, WSBA No. 27758
Barnard Iglitzin & Lavitt LLP
18 West Mercer Street, Suite 400
Seattle, Washington 98119
Phone: (206) 257-6004
E-mail: lavitt@workerlaw.com

Scott Kronland, CA Bar No. 171693*
*pro hac vice application pending
Matthew J. Murray, CA Bar No. 271461*
*pro hac vice application pending
Hunter B. Thomson, CA Bar No. 330533*
*pro hac vice application pending
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Phone: (415) 421-7151
E-mail: skronland@altber.com
E-mail: mmurray@altber.com
E-mail: hthomson@altber.com

*Attorney for Defendant Service Employees
International Union Local 1948*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLYN CROUTHAMEL, DIANE MCCALLISTER, and JOANNE BAKER, on behalf of themselves and all others similarly situated, as individuals,<br><br>               Plaintiffs,<br><br>            v.<br><br>WALLA WALLA PUBLIC SCHOOLS, a | Case No. 4:20-cv-05076-RMP<br><br>**DEFENDANT SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1948'S ANSWER TO CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES** |

1    Washington public school district,
EVERGREEN PUBLIC SCHOOL
2    DISTRICT, a Washington public school
district, KENT PUBLIC SCHOOL
3    DISTRICT, a Washington public school
district, and PUBLIC SCHOOL
4    EMPLOYEES, SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL
5    1948, a labor corporation,

6                              Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Defendant Service Employees International Union Local 1948 ("SEIU 1948") answers Plaintiffs' Class Action Complaint for Injunctive Relief, Declaratory Judgment, and Damages ("Complaint") (ECF No. 1) as follows:

## I.    INTRODUCTION

1.    Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 1.

2.    Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 2.

3.    SEIU 1948 admits that plaintiffs Carolyn Crouthamel ("Crouthamel"), Diane McCallister ("McCallister"), and Joanne Baker ("Baker") are, respectively, employees of Walla Walla Public Schools, Evergreen School District, and Kent School District (collectively, "the Districts"), which are public school districts in Washington State, and that Plaintiffs paid dues through payroll deductions pursuant to their own voluntary authorization.  Paragraph 3 otherwise states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies those other allegations of Paragraph 3.

4.    SEIU 1948 admits that Plaintiffs voluntarily entered agreements that authorized the dues they paid through payroll deduction.  Paragraph 4 otherwise

SEIU 1948's ANSWER TO COMPLAINT - 1
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    BARNARD
SEATTLE, WASHINGTON 98119    IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132    LAVITT LLP

states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies those other allegations of Paragraph 4.

5.     SEIU 1948 admits that SEIU 1948 and the Districts are parties to collective bargaining agreements. Paragraph 5 otherwise states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies those other allegations of Paragraph 5.

6.     Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 6.

7.     Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 7.

## II.    JURISDICTION AND VENUE

8.     Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 8.

9.     Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 9.

10.    SEIU 1948 admits that venue is proper in this Court and that intra-

SEIU 1948's ANSWER TO COMPLAINT - 2
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    BARNARD
SEATTLE, WASHINGTON 98119    IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132    LAVITT LLP

1    district assignment to the Richland Division is proper.  Paragraph 10 otherwise

2    states legal conclusions to which no response is required.  To the extent a response

3    is required, SEIU 1948 denies those other allegations of Paragraph 10.

### III.    PARTIES

11.    SEIU 1948 admits that Plaintiff Crouthamel works for Walla Walla

6    Public Schools and that SEIU 1948 is the exclusive representative for purposes of

7    collective bargaining of the bargaining unit of employees in which Plaintiff

8    Crouthamel works.  SEIU 1948 lacks sufficient knowledge to admit or deny the

9    allegations in Paragraph 11 about Plaintiff Crouthamel's title and tenure of

10   employment, and on that basis denies those allegations.  The other allegations in

11   Paragraph 11 state legal conclusions to which no response is required.  To the

12   extent a response is required, SEIU 1948 denies those other allegations of

13   Paragraph 11.

14        12.    SEIU 1948 admits that Plaintiff McCallister works for the Evergreen

15   School District and that SEIU 1948 is the exclusive representative for purposes of

16   collective bargaining of the bargaining unit of employees in which Plaintiff

17   McCallister works.  SEIU 1948 lacks sufficient knowledge to admit or deny the

18   allegations in Paragraph 12 about Plaintiff McCallister's title and tenure of

19   employment, and on that basis denies those allegations.  The other allegations in

20   Paragraph 12 state legal conclusions to which no response is required.  To the

SEIU 1948's ANSWER TO COMPLAINT - 3
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1  extent a response is required, SEIU 1948 denies those other allegations of

2  Paragraph 12.

3          13.    SEIU 1948 admits that Plaintiff Baker works for the Kent School

4  District and that SEIU 1948 is the exclusive representative for purposes of

5  collective bargaining of the bargaining unit of employees in which Plaintiff Baker

6  works.    SEIU 1948 lacks sufficient knowledge to admit or deny the other

7  allegations in Paragraph 13 about Plaintiff Baker's title and tenure of employment,

8  and on that basis denies those allegations.    The other allegations in Paragraph 13

9  state legal conclusions to which no response is required.    To the extent a response

10  is required, SEIU 1948 denies those other allegations of Paragraph 13.

11          14.    SEIU 1948 admits the allegations of Paragraph 14.

12          15.    SEIU 1948 admits the allegations of Paragraph 15.

13          16.    SEIU 1948 admits the allegations of Paragraph 16.

14          17.    SEIU 1948 admits that it is the exclusive representative for purposes

15  of collective bargaining for the bargaining unit of employees in which Plaintiffs

16  work; that its address is 602 W. Main St., Auburn, WA 98001-5225; and that it

17  represents for purposes of collective bargaining approximately 30,000 employees

18  across Washington State, including certain employees at public school districts

19  across the state.

20  / / / / /

SEIU 1948's ANSWER TO COMPLAINT - 4
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

# IV.    STATEMENT OF FACTS

18.    SEIU 1948 admits that Plaintiffs are employees of the Districts; that SEIU 1948 is the exclusive representative for purposes of collective bargaining of the bargaining units of employees in which Plaintiffs work; and that collective bargaining agreements apply to the bargaining units.  SEIU 1948 otherwise denies the allegations in Paragraph 18.

19.    Paragraph 19 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 19.

20.    Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 20.

## A. *Plaintiff Carolyn Crouthamel*

21.    SEIU 1948 admits that Plaintiff Crouthamel works for Walla Walla Public Schools.  SEIU 1948 lacks sufficient knowledge to admit or deny the allegations in Paragraph 21 about Plaintiff Crouthamel's title and tenure of employment, and on that basis denies those allegations.

22.    SEIU 1948 admits that Plaintiff Crouthamel became a SEIU 1948 member in 2010 when she signed a voluntary union membership and dues deduction authorization agreement.  SEIU 1948 lacks sufficient knowledge to

SEIU 1948's ANSWER TO COMPLAINT - 5
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

1    admit or deny the other allegations in Paragraph 22 about what Plaintiff

2    "believed," and on that basis denies those allegations.

3        23.    SEIU 1948 admits that, in 2010, employees in the bargaining unit in

4    which Plaintiff Crouthamel worked who did not voluntarily elect to become union

5    members paid fair-share fees to pay for the share of bargaining representation that

6    they received.  SEIU 1948 otherwise denies the allegations in Paragraph 23.

7            **B. _Plaintiff Diane McCallister_**

8        24.    SEIU 1948 admits that Plaintiff McCallister works for the Evergreen

9    School District.  SEIU 1948 lacks sufficient knowledge to admit or deny the

10   allegations in Paragraph 24 about Plaintiff McCallister's title and tenure of

11   employment, and on that basis denies those allegations.

12       25.    SEIU 1948 admits that Plaintiff McCallister signed a voluntary union

13   membership and dues deduction authorization agreement in 2004.  SEIU 1948

14   lacks sufficient knowledge to admit or deny the allegations in Paragraph 25 about

15   what Plaintiff "believed," and on that basis denies those allegations.    The

16   remaining allegations in Paragraph 25 state legal conclusions to which no response

17   is required.    Plaintiff McCallister's 2004 membership and dues deduction

18   authorization agreement speaks for itself.  To the extent a response is required,

19   SEIU 1948 denies the remaining allegations of Paragraph 25.

20       26.    SEIU 1948 admits that, in 2004, employees in the bargaining unit in

SEIU 1948's ANSWER TO COMPLAINT - 6
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    BARNARD

SEATTLE, WASHINGTON 98119    IGLITZIN &

TEL 800.238.4231 | FAX 206.378.4132    LAVITT LLP

which Plaintiff McCallister worked who did not voluntarily elect to become union members paid fair-share fees to pay for the share of bargaining representation that they received.  SEIU 1948 otherwise denies the allegations in Paragraph 26.

### C. *Plaintiff Joanne Baker*

27.    SEIU 1948 admits that Plaintiff Baker works for the Kent School District.  SEIU 1948 lacks sufficient knowledge to admit or deny the other allegations in Paragraph 27 about Plaintiff Baker's title and tenure of employment, and on that basis denies those allegations.

28.    Paragraph 28 states legal conclusions to which no response is required.   Plaintiff Baker's membership and dues deduction authorization agreement speaks for itself.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 28.

29.    SEIU 1948 admits that, when Plaintiff Baker became a SEIU 1948 member in 2005, employees in the bargaining unit in which Plaintiff Baker worked who did not voluntarily elect to become union members paid fair-share fees to pay for the share of bargaining representation that they received.  SEIU 1948 otherwise denies the allegations in Paragraph 29.

### D. **Janus** *and SEIU 1948's New Dues Deduction Authorization Agreements*

30.    Paragraph 30 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 admits that the opinion

SEIU 1948's ANSWER TO COMPLAINT - 7
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

in *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (2018), contains the language quoted in Paragraph 30, though the language is quoted out of context and the language in Paragraph 30 that is not in quotations is not an accurate statement of what the Court said.  SEIU 1948 otherwise denies the allegations in Paragraph 30 and denies that the allegations in Paragraph 30 are a complete summary of the applicable law.

31.    SEIU 1948 admits that Plaintiffs signed voluntary membership and dues deduction authorization agreements in 2018.  SEIU 1948 otherwise denies the allegations in Paragraph 31.

32.    SEIU 1948 admits that Plaintiffs signed voluntary membership and dues deduction authorization agreements in 2018.  The written agreements speak for themselves.  SEIU 1948 otherwise denies the allegations in Paragraph 32.

33.    SEIU 1948 admits that Plaintiffs signed voluntary membership and dues deduction authorization agreements in 2018.  The written agreements speak for themselves.  SEIU 1948 otherwise denies the allegations in Paragraph 33.

34.    Paragraph 34 states legal conclusions to which no response is required.  Plaintiffs' membership and dues deduction authorization agreements speak for themselves.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 34.

35.    SEIU 1948 admits that Plaintiff Crouthamel signed a voluntary

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

membership and dues deduction authorization agreement on April 27, 2018.  SEIU 1948 otherwise denies the allegations in Paragraph 35.

36.   SEIU 1948 admits that Plaintiff Baker signed a voluntary membership and dues deduction authorization agreement on May 3, 2018.

37.   SEIU 1948 admits that Plaintiff McCallister signed a voluntary membership and dues deduction authorization agreement on August 13, 2018.  SEIU 1948 otherwise denies the allegations in Paragraph 37.

### E. *Plaintiffs' Objections and Defendants' Responses*

1.   *Plaintiff Crouthamel's objection and Defendants' responses*

38.   SEIU 1948 lacks sufficient knowledge to admit or deny the allegations in Paragraph 38 about what or when Plaintiff Crouthamel "learned," and on that basis denies those allegations.

39.   SEIU 1948 admits that it received a letter from Plaintiff Crouthamel dated January 10, 2019, regarding her membership and dues payments.  The letter speaks for itself.  SEIU 1948 otherwise denies the allegations in Paragraph 39.

40.   SEIU 1948 admits that Jessica Shillander, Membership, Communications, and New Media Director for SEIU 1948, sent a letter to Plaintiff Crouthamel dated February 13, 2019.  The letter speaks for itself.  SEIU 1948 otherwise denies the allegations in Paragraph 40.

41.   The letter sent by Jessica Shillander, Membership, Communications,

SEIU 1948's ANSWER TO COMPLAINT - 9
Case No. 4:20-cv-05076-RMP

and New Media Director for SEIU 1948, to Plaintiff Crouthamel dated February 13, 2019 speaks for itself.   SEIU 1948 otherwise denies the allegations in Paragraph 41.

42.   SEIU 1948 admits that the letter sent by Jessica Shillander, Membership, Communications, and New Media Director for SEIU 1948, to Plaintiff Crouthamel dated February 13, 2019, contains the language quoted in Paragraph 42, though the language is quoted out of context.  SEIU 1948 otherwise denies the allegations in Paragraph 42.

43.   SEIU 1948 denies the allegations in Paragraph 43.

44.   SEIU admits that Plaintiff Crouthamel did not object in writing to union payments at any time during the period March 13, 2019 through March 28, 2019.  SEIU 1948 otherwise denies the allegations in Paragraph 44.

45.   SEIU 1948 admits that, after March 2019, Plaintiff Crouthamel continued to pay dues through payroll deduction pursuant to the terms of the voluntary dues deduction authorization she had signed, and those dues payments have subsequently ended.   SEIU 1948 otherwise denies the allegations in Paragraph 45.

46.   SEIU 1948 admits that it received a letter from Plaintiff Crouthamel in March 2020 regarding her membership and dues payments.  The letter speaks for itself.  SEIU 1948 lacks sufficient knowledge to admit or deny the allegations

SEIU 1948's ANSWER TO COMPLAINT - 10
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1  in Paragraph 46 about whether Plaintiff Crouthamel wrote a letter to her employer

2  regarding her membership and dues payments, and on that basis denies those

3  allegations.  SEIU 1948 otherwise denies the allegations in Paragraph 46.

4       47.    SEIU 1948 admits that it requested that Walla Walla School District

5  discontinue dues deductions for Plaintiff Crouthamel, Walla Walla School District

6  ceased the voluntary deductions, and that deductions that took place after her

7  membership ended were refunded.  SEIU 1948 otherwise denies the allegations in

8  Paragraph 47.

9      2.    _Plaintiff Baker's objection and Defendants' responses_

10       48.    SEIU 1948 lacks sufficient knowledge to admit or deny the

11  allegations in Paragraph 48 about what or when Plaintiff Baker "learned," and on

12  that basis denies those allegations.

13       49.    SEIU 1948 admits that its business records reflect that it never

14  received correspondence from Plaintiff Baker between March 19, 2019, and April

15  3, 2019, withdrawing her membership in SEIU 1948.  SEIU 1948 otherwise denies

16  the allegations in Paragraph 49.

17       50.    SEIU 1948 admits that it received a letter from Plaintiff Baker dated

18  January 10, 2019, regarding her membership and dues payments.  The letter speaks

19  for itself.  SEIU 1948 lacks sufficient knowledge to admit or deny the allegations

20  in Paragraph 50 about whether Plaintiff Baker wrote a letter to her employer

SEIU 1948's ANSWER TO COMPLAINT - 11
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1  regarding her membership and dues payments, and on that basis denies those

2  allegations.

3      51.    SEIU 1948 admits that Jessica Shillander, Membership,

4  Communications, and New Media Director for SEIU 1948, sent a letter to Plaintiff

5  Baker dated September 30, 2019, and further admits that the date on the letter was

6  an error.  The letter speaks for itself.  SEIU 1948 otherwise denies the allegations

7  in Paragraph 51.

8      52.    SEIU 1948 admits that Jessica Shillander, Membership,

9  Communications, and New Media Director for SEIU 1948, sent a letter to Plaintiff

10  Baker dated September 30, 2019.  The letter speaks for itself.  SEIU 1948

11  otherwise denies the allegations in Paragraph 52.

12      53.    SEIU 1948 admits that after October 2019, Plaintiff Baker continued

13  to pay dues through payroll deduction pursuant to the terms of the voluntary dues

14  deduction authorization she had signed, and those dues payments ceased before

15  March 2020.  SEIU 1948 otherwise denies the allegations in Paragraph 53.

16      3.    *Plaintiff McCallister's objection and Defendants' responses*

17      54.    SEIU 1948 lacks sufficient knowledge to admit or deny the

18  allegations in Paragraph 38 about what or when Plaintiff McCallister "learned,"

19  and on that basis denies those allegations.

20      55.    SEIU 1948 admits that it received a letter from Plaintiff McCallister

SEIU 1948's ANSWER TO COMPLAINT - 12
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400  BARNARD
SEATTLE, WASHINGTON 98119  IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132  LAVITT LLP

1  dated September 12, 2019, regarding her membership and dues payments. The

2  letter speaks for itself.  SEIU 1948 otherwise denies the allegations in Paragraph

3  55.

4      56.    SEIU 1948 admits that it received a letter from Plaintiff McCallister

5  dated October 10, 2019, regarding her membership and dues payments. The letter

6  speaks for itself.  SEIU 1948 otherwise denies the allegations in Paragraph 56.

7      57.    SEIU    1948    admits    that    Jessica    Shillander,    Membership,

8  Communications, and New Media Director for SEIU 1948, sent letters to Plaintiff

9  McCallister dated September 24, 2019, and September 30, 2019 (though this latter

10  date appears to be in error, as it references correspondence received on October 16,

11  2019).  The letters speak for themselves.  SEIU 1948 otherwise denies the

12  allegations in Paragraph 57.

13      58.    SEIU    1948    admits    that    Jessica    Shillander,    Membership,

14  Communications, and New Media Director for SEIU 1948, sent letters to Plaintiff

15  McCallister dated September 24, 2019, and September 30, 2019 (though this latter

16  date appears to be in error, as it references correspondence received on October 16,

17  2019).  The letters speak for themselves.  SEIU 1948 otherwise denies the

18  allegations in Paragraph 58.

19      59.    SEIU 1948 admits that after October 2019, Plaintiff McCallister

20  continued to pay dues through payroll deduction pursuant to the terms of the

SEIU 1948's ANSWER TO COMPLAINT - 13
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

voluntary dues deduction authorization she had signed, and those dues payments were ongoing at the time this lawsuit was filed.   The dues deductions have subsequently ended.  SEIU 1948 otherwise denies the allegations in Paragraph 59.

## V.   CLASS ALLEGATIONS

60.    Paragraph 60 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 60.

61.    SEIU 1948 denies the allegations of Paragraph 61.

62.    Paragraph 62 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 62.

63.    Paragraph 63 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 63.

64.    Paragraph 64 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 64.

65.    Paragraph 65 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 65.

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LLP

1    66.    Paragraph 66 states legal conclusions to which no response is

2    required.  To the extent a response is required, SEIU 1948 denies the allegations of

3    Paragraph 66.

4    67.    SEIU lacks sufficient knowledge to admit or deny the allegations in

5    Paragraph 67 as to whether, and by whom, Plaintiffs' counsel is being paid to bring

6    this case, and on that basis denies those allegations.  SEIU 1948 denies the other

7    allegations in Paragraph 67.

8    68.    Paragraph 68 states legal conclusions to which no response is

9    required.  To the extent a response is required, SEIU 1948 denies the allegations of

10    Paragraph 68.

11    69.    Paragraph 69 states legal conclusions to which no response is

12    required.  To the extent a response is required, SEIU 1948 denies the allegations of

13    Paragraph 69.

14    70.    Paragraph 70 states legal conclusions to which no response is

15    required.  To the extent a response is required, SEIU 1948 denies the allegations of

16    Paragraph 70.

17    71.    Paragraph 71 states legal conclusions to which no response is

18    required.  To the extent a response is required, SEIU 1948 denies the allegations of

19    Paragraph 71.

20

18 WEST MERCER ST., STE. 400    BARNARD
SEATTLE, WASHINGTON 98119    IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132    LAVITT LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## VI.    CLAIMS FOR RELIEF

### CLAIM 1
### First Amendment, through 42. U.S.C. § 1983
*Deducting union dues/fees from Plaintiffs' wages pursuant to RCW*
*41.56.110 and/or the applicable CBAs violates the First Amendment*
*to the United States Constitution.*

72.    SEIU 1948 incorporates by reference its responses to all paragraphs above.

73.    Paragraph 73 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 73.

74.    Paragraph 74 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 74.

75.    Paragraph 75 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 75.

76.    Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 76.

77.    Paragraph 77 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of

SEIU 1948's ANSWER TO COMPLAINT - 16
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    **BARNARD**

SEATTLE, WASHINGTON 98119    **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1    Paragraph 77.

2        78.    Paragraph 78 states legal conclusions to which no response is

3    required.  To the extent a response is required, SEIU 1948 denies the allegations of

4    Paragraph 78.

5        79.    Paragraph 79 states legal conclusions to which no response is

6    required.  To the extent a response is required, SEIU 1948 denies the allegations of

7    Paragraph 79.

8                            **CLAIM 2**
    **Fourteenth Amendment, through 42. U.S.C. § 1983**
9            *RCW 41.56.110 violates Plaintiffs'*
        *Fourteenth Amendment due process rights.*
10

11        80.    SEIU 1948 incorporates by reference its responses to all paragraphs

    above.
12

13        81.    Paragraph 81 states legal conclusions to which no response is

14    required.  To the extent a response is required, SEIU 1948 denies the allegations of

    Paragraph 81.
15

16        82.    Paragraph 82 states legal conclusions to which no response is

17    required.  To the extent a response is required, SEIU 1948 denies the allegations of

    Paragraph 82.
18

19        83.    Paragraph 83 states legal conclusions to which no response is

20    required.  To the extent a response is required, SEIU 1948 denies the allegations of

SEIU 1948's ANSWER TO COMPLAINT - 17
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    **BARNARD**

SEATTLE, WASHINGTON 98119    **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

Paragraph 83.

84.    Paragraph 84 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 84.

85.    Paragraph 85 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 85.

86.    Paragraph 86 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 86.

## CLAIM 3
### First Amendment, through 42. U.S.C. § 1983
### *RCW 41.56.110, Article 11 of the Walla Walla CBA, and Article 14 of the Evergreen and Kent CBAs violate Plaintiffs' freedom of association*

87.    SEIU 1948 incorporates by reference its responses to all paragraphs above.

88.    Paragraph 88 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of Paragraph 88.

89.    Paragraph 89 states legal conclusions to which no response is required.  To the extent a response is required, SEIU 1948 denies the allegations of

SEIU 1948's ANSWER TO COMPLAINT - 18
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LLP

1    Paragraph 89.

2         90.    Paragraph 90 states legal conclusions to which no response is

3    required.  To the extent a response is required, SEIU 1948 denies the allegations of

4    Paragraph 90.

5         91.    Paragraph 91 states legal conclusions to which no response is

6    required.  To the extent a response is required, SEIU 1948 denies the allegations of

7    Paragraph 91.

8         92.    Paragraph 92 states legal conclusions to which no response is

9    required.  To the extent a response is required, SEIU 1948 denies the allegations of

10   Paragraph 92.

11                                 **CLAIM 4**
                        **First Amendment, through 42. U.S.C. § 1983**
12            *Defendants have illegally conspired to knowingly deprive Plaintiffs and*
                     *class members of their constitutional rights.*
13
         93.    SEIU 1948 incorporates by reference its responses to all paragraphs
14
     above.
15
         94.    Paragraph 94 states legal conclusions to which no response is
16
     required.  To the extent a response is required, SEIU 1948 denies the allegations of
17
     Paragraph 94.
18
         95.    Paragraph 95 states legal conclusions to which no response is
19
     required.  To the extent a response is required, SEIU 1948 denies the allegations of
20

SEIU 1948's ANSWER TO COMPLAINT - 19
Case No. 4:20-cv-05076-RMP

1    Paragraph 95.

2    <b>CLAIM 5</b>
<b>Breach of Contract</b>

3    <b><i>Defendants' New Agreements are invalid and Defendants breached</i></b>
<b><i>the original union dues deduction agreements.</i></b>

4

5    96.    SEIU 1948 incorporates by reference its responses to all paragraphs

6    above.

7    97.    Paragraph 97 states legal conclusions to which no response is

8    required.  To the extent a response is required, SEIU 1948 denies the allegations of

9    Paragraph 97.

10    98.    Paragraph 98 states legal conclusions to which no response is

11    required.  To the extent a response is required, SEIU 1948 denies the allegations of

12    Paragraph 98.

13    99.    Paragraph 99 states legal conclusions to which no response is

14    required.  To the extent a response is required, SEIU 1948 denies the allegations of

15    Paragraph 99.

16    100.    Paragraph 100 states legal conclusions to which no response is

17    required.  To the extent a response is required, SEIU 1948 denies the allegations of

18    Paragraph 100.

19    101.    Paragraph 101 states legal conclusions to which no response is

20    required.  To the extent a response is required, SEIU 1948 denies the allegations of

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1 | Paragraph 101.

2 | **CLAIM 6**
**Unjust Enrichment**
3 | *Defendants' scheme unjustly enriched Defendant SEIU 1948.*

4 | 102.   SEIU 1948 incorporates by reference its responses to all paragraphs
5 | above.

6 | 103.   SEIU 1948 admits that it was aware that it received dues from
7 | Plaintiffs that Plaintiffs voluntarily agreed to pay through payroll deductions.
8 | Paragraph 103 otherwise states legal conclusions to which no response is required.
9 | To the extent a response is required, SEIU 1948 denies those other allegations of
10 | Paragraph 103.

11 | 104.   SEIU 1948 admits that it was aware that it received dues from
12 | Plaintiffs that Plaintiffs voluntarily agreed to pay through payroll deductions.
13 | Paragraph 104 otherwise states legal conclusions to which no response is required.
14 | To the extent a response is required, SEIU 1948 denies those other allegations of
15 | Paragraph 104.

16 | 105.   Paragraph 105 states legal conclusions to which no response is
17 | required.  To the extent a response is required, SEIU 1948 denies the allegations of
18 | Paragraph 105.

19 | **VII.   PRAYER FOR RELIEF**
20 | 106.   SEIU 1948 incorporates by reference its responses to all paragraphs

SEIU 1948's ANSWER TO COMPLAINT - 21
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1  above.

2        107.   Paragraph 107 states legal conclusions to which no response is

3  required.  To the extent a response is required, SEIU 1948 denies the allegations of

4  Paragraph 107.

5        108 to 117.  Plaintiffs' Prayer for Relief does not require a response.  To the

6  extent the Prayer for Relief, including each and all of its paragraphs 108 to 117,

7  states any allegations, SEIU 1948 denies those allegations.  SEIU 1948 denies that

8  Plaintiffs or any other individual they seek to represent are entitled to any relief in

9  this case.

10        Except as expressly admitted above, all allegations in the Complaint are

11  denied.

12  <u>**AFFIRMATIVE DEFENSES AND DEFENSES**</u>

13        1.    Plaintiffs fail to state a claim upon which relief can be granted.

14        2.    Plaintiffs have failed to exhaust administrative remedies.

15        3.    Plaintiffs' claims fail because of the absence of state action.

16        4.    Plaintiffs' claims are barred by the statute of limitations to the extent

17  they seek relief for actions outside the applicable limitations period.

18        5.    SEIU 1948 acted in good faith based on the law in effect at the time.

19        6.    SEIU 1948 is entitled to sovereign immunity and/or qualified

20  immunity.

SEIU 1948's ANSWER TO COMPLAINT - 22
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

1    7.    SEIU 1948 acted without malice.

2    8.    Plaintiffs' claims for monetary relief are barred because such relief

3    would constitute unjust enrichment.

4    9.    Plaintiffs are estopped from seeking retrospective relief because they

5    received the benefits of membership in SEIU 1948.

6    10.    Plaintiffs' claims are barred because they consented to the actions that

7    they challenge.

8    11.    Any relief awarded to Plaintiffs must be offset by the benefits they

9    received from representation by, and membership in, SEIU 1948.

10    12.    SEIU 1948 is justified in relying on Plaintiffs' express contractual

11    agreements.

12    13.    Plaintiffs' claims are barred because the Supreme Court's decision in

13    *Janus v. AFSCME, Council 31* does not apply retroactively.

14    14.    The funds Plaintiffs seek to recover are not in the possession of SEIU

15    1948.

16    15.    Plaintiffs' claims for prospective relief do not present a justiciable

17    controversy because their dues deductions have ended.

18    16.    SEIU 1948 reserves the right to amend its Answer to assert additional

19    affirmative defenses based on further investigation and discovery.

20    **DEFENDANT SEIU 1948's PRAYER FOR RELIEF**

SEIU 1948's ANSWER TO COMPLAINT - 23
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

WHEREFORE, SEIU 1948 prays that the Court:

1.    Deny Plaintiffs any relief and enter judgment in favor of SEIU 1948.

2.    Award SEIU 1948 its costs and attorneys' fees.

3.    Award SEIU 1948 such other and further relief as is just and proper.

Dated:  July 14, 2020                              Respectfully submitted,

By:    /s/ Robert H. Lavitt
       Robert H. Lavitt, WSBA No. 27758
       Barnard Iglitzin & Lavitt LLP
       18 West Mercer Street, Suite 400
       Seattle, Washington 98119
       Phone: (206) 257-6004
       Fax: (206) 257-6039
       E-mail: lavitt@workerlaw.com

       Scott Kronland, CA Bar No. 171693*
       *pro hac vice application pending
       Matthew J. Murray, CA Bar No. 271461*
       *pro hac vice application pending
       Hunter B. Thomson, CA Bar No. 330533*
       *pro hac vice application pending
       Altshuler Berzon LLP
       177 Post Street, Suite 300
       San Francisco, CA  94108
       Phone: (415) 421-7151
       E-mail: skronland@altber.com
       E-mail: mmurray@altber.com
       E-mail: hthomson@altber.com

       *Attorneys for Defendant Service Employees International Union Local 1948*

SEIU 1948's ANSWER TO COMPLAINT - 24
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1

## DECLARATION OF SERVICE

2      I hereby certify that on the date noted below, I electronically filed the

3 foregoing with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to those attorneys of record registered on the CM/ECF

4 system.

5

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| James G. Abernathy, WSBA No. 48801<br>Shella Sadovnik, WSBA No. 55939<br>c/o Freedom Foundation<br>PO Box 552<br>Olympia, WA 98507<br>Phone: 360-986-3482<br>Fax: 360-352-1874<br>E-mail: JAbernathy@freedomfoundation.com<br>E-mail: SSadovnik@freedomfoundation.com | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☒ E-mail<br>☐ U.S. Mail<br>☒ E-Service |

11      DATED this 14th day of July, 2020 at Bonney Lake, Washington.

12

13                              By:  */s/Genipher Owens*

14                                   Genipher Owens, Senior Paralegal

15

16

17

18

19

20

SEIU 1948's ANSWER TO COMPLAINT - 25
Case No. 4:20-cv-05076-RMP

18 WEST MERCER ST., STE. 400   **BARNARD**

SEATTLE, WASHINGTON 98119   **IGLITZIN &**

TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**