FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CAROLYN CROUTHAMEL,
DIANE MCCALLISTER, and
JOANNE BAKER, on behalf of
themselves and all others similarly
situated, as individuals,

                          Plaintiffs,

v.

WALLA WALLA PUBLIC
SCHOOLS, a Washington public
school district; EVERGREEN
PUBLIC SCHOOL DISTRICT, a
Washington public school district;
KENT PUBLIC SCHOOL
DISTRICT, a Washington public
school district; and PUBLIC
SCHOOL EMPLOYEES, SERVICE
EMPLOYEES INTERNATIONAL
UNION LOCAL 1948, a labor
corporation,

                          Defendants.

NO:  4:20-CV-5076-RMP

ORDER GRANTING
DEFENDANTS' CROSS-MOTION
FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment from

Plaintiffs Carolyn Crouthamel et al., ECF No. 37, and Defendants Walla Walla

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 1

Public Schools, et al., ECF No. 38.  The Court has reviewed the parties' Stipulated

Facts, ECF No. 35, and supporting exhibits, ECF Nos. 35-2–35-24; Plaintiffs'

Motion for Summary Judgment, ECF No. 37; Defendants' Opposition to Plaintiffs'

Motion for Summary Judgment and Defendants' Cross-Motion for Summary

Judgment, ECF No. 38; Plaintiffs' Opposition to Defendants' Cross-Motion for

Summary Judgment and Reply in Support of Plaintiffs' Cross-Motion for Summary

Judgment, ECF No. 39; Defendants' Reply in Support of their Cross-Motion for

Summary Judgment, ECF No. 40; the remaining docket; the relevant law; and is

fully informed.

## BACKGROUND

The parties have stipulated to the factual context underlying their cross-motions for summary judgment, ECF No. 35, and the following summary is based on that stipulation, unless otherwise cited.

### *General Context*

Defendant Service Employees International Union Local 1948 ("SEIU 1948") is the exclusive collective bargaining representative for approximately 33,706 employees in various bargaining units in the State of Washington, including bargaining units in the three Defendant school districts, Walla Walla Public School District, Evergreen Public School District, Kent Public School District (together, the "School Districts").  As of March 2020, approximately 26,918 School District employees were dues paying members of SEIU 1948.

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 2

School District employees are not required to become SEIU 1948 members as a condition of employment.  For employees who elect to sign union membership cards, the School Districts deduct dues from their paychecks and remit those dues to SEIU 1948.

Members of SEIU 1948 are entitled to vote on whether to ratify a collective bargaining agreement ("CBA"), vote in union officer elections, run for union office, and participate in the union's internal affairs.  Members also receive discounts on various goods and services, including insurance, credit cards, travel, and loans.

Around August 2017, SEIU 1948 sent new membership cards to employees in bargaining units represented by the union.  All Plaintiffs in this action signed new SEIU 1948 membership cards in 2018.  However, SEIU 1948 did not require members to sign new cards in 2018 to remain members.

All Plaintiffs signed union membership and deduction authorization agreements when they were hired and again in 2018.  The 2018 agreements provided, in relevant part:

> Membership Authorization:
> Yes, I want to join with my fellow employees and become a member of PSE SEIU 1948 (PSE).  . . .
>
> Dues Deduction/Checkoff Authorization:
> I knowingly and voluntarily authorize membership dues to be withheld from my pay and remitted to PSE SEIU 1948, and its local affiliate. . . . .
> This authorization shall remain in effect and shall be irrevocable unless I revoke it by sending written notice via U.S. mail to both the employer and PSE SEIU 1948 during the period not less than thirty (30) days and

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 3

not more than forty-five (45) days before the annual anniversary date of this agreement or the date of termination of the terms of the applicable contract between the employer and PSE SEIU 1948 as defined by RCW 41.56.123, whichever occurs sooner. This authorization shall be automatically renewed as an irrevocable monthly dues authorization from year to year unless I revoke it in writing during the window period referenced above, irrespective of my membership in PSE SEIU 1948.

ECF Nos. 35-6 (Crouthamel), 35-16 (McAllister), and 35-26 (Baker).

Prior to summer 2018, the School Districts deducted agency fees from non-union-members as a condition of employment and remitted the fees to SEIU 1948. The agency fees were less than full member dues. The School District ceased its practice of collecting agency fees from nonmembers once the U.S. Supreme Court issued its decision in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018), on June 27, 2018.

### Plaintiff Carolyn Crouthamel

Ms. Crouthamel has worked since August 2010 for the Walla Walla School District as a secretary in a bargaining unit represented by SEIU 1948. Ms. Crouthamel became a SEIU 1948 member on August 9, 2010. Ms. Crouthamel signed a new SEIU 1948 membership card on April 27, 2018. At the time of signing the 2018 membership card, Ms. Crouthamel was working in a bargaining unit covered by a collective bargaining agreement ("CBA") between the Walla Walla School District and SEIU 1948 in effect from 2016 through 2019.

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 4

As of the date that Ms. Crouthamel signed her 2018 membership card, the chargeable agency fee applicable to non-members of the union who worked in bargaining units covered by the 2016-2019 CBA was 68.6% of the union dues paid by union members.  Non-members could object to paying the non-chargeable portion of the agency fee.  Non-members who did not object to the non-chargeable portion paid an agency fee equal to full union dues.  In 2018, union dues were 1.75% of an employee's base wages, with a maximum of $56 per month.

Ms. Crouthamel sent a letter to SEIU 1948 dated January 10, 2019, which SEIU 1948 received on January 29, 2019, resigning her membership in SEIU 1948 and revoking her consent "to any payment or withholding of dues, fees, or political contributions to the union or its affiliates."  ECF No. 35-7 at 2.  The union confirmed receipt of Ms. Crouthamel's correspondence in a letter dated February 13, 2019, from the Membership, Communications, and New Media Director for SEIU 1948.  ECF No. 35-8.  That letter informed Ms. Crouthamel that she could request cancellation of her dues deduction during an opt-out period from March 13, 2019, through March 28, 2019, or during the next opt-out period after that.  *Id.* Specifically, the SEIU 1948 informed Ms. Crouthamel, and Plaintiffs McAllister and Baker[1] in their respective letters:

---

[1] Ms. Crouthamel is employed by the Walla Walla School District.  ECF No. 35 at 6.  Ms. McAllister is employed by the Evergreen School District.  *Id.* at 6.  Ms. Baker is employed by the Kent School District.  *Id.* at 9.

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 5

> When you signed our membership form you committed to paying the regular dues rate until the 15-day period (no less than 30 days and no more than 45 days before the annual anniversary date of the day you signed the form) or the date of termination of the collective bargaining agreement between the union and your employer—whichever occurs sooner.

ECF Nos. 35-8, 35-18, and 35-28.

SEIU 1948 did not instruct the Walla Walla School District to stop Ms. Crouthamel's dues deductions, and the School District continued to deduct dues from her wages.

Ms. Crouthamel sent a second letter, dated March 10, 2020, to SEIU 1948 requesting that the union "immediately cease" deduction of all dues or fees from her wages. ECF No. 35-9. On April 2, 2020, Ms. Crouthamel emailed the Walla Walla School District, notifying the School District of her objections to the payment of any union dues. In emails on April 2 and 3, 2020, the School District replied that it had not yet received an opt-out notification regarding Ms. Crouthamel from the union. ECF No. 35-10.

On April 21, 2020, SEIU 1948 informed the Walla Walla School District by email that Ms. Crouthamel had terminated her membership, and dues deductions should be discontinued as of her opt-out date of March 30, 2020. ECF No. 35-11. The Walla Walla School District stopped deducting union dues from Ms. Crouthamel's wages in May 2020 and returned the dues that had been withheld from her March and April 2020 paychecks.

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 6

*Plaintiff Diane McCallister*

Ms. McCallister has worked since 2004 for the Evergreen School District as a secretary in a bargaining unit represented by SEIU 1948.  Ms. McCallister became an SEIU 1948 member on August 26, 2004.  Ms. McCallister signed a new SEIU 1948 membership card on August 13, 2018.  At the time of signing the 2018 membership card, Ms. McCallister was working in a bargaining unit covered by the CBA between Evergreen School District and SEIU 1948 in effect from 2016 through 2019.

At the time that Ms. McCallister signed her 2018 membership card, the Districts had changed their practices in light of the *Janus* decision, and non-members no longer paid any agency fees.  Union members paid dues at a rate of 1.75% of an employee's base wage, with a maximum of $56 per month.

Ms. McCallister sent a letter to SEIU 1948 dated September 12, 2019, which SEIU 1948 received on September 17, 2019, opting out of membership in SEIU 1948.  ECF No. 35-17.  The union confirmed receipt of Ms. McCallister's request in a letter dated February 13, 2019, from the Membership, Communications, and New Media Director for SEIU 1948.  ECF No. 35-18.  That letter informed Ms. McCallister that her request had been processed, and she was no longer considered a union member.  The letter further informed Ms. McCallister that she could request cancellation of her dues deduction during an opt-out period from June 29, 2020, to July 14, 2020, or during the next opt-out period after that.  *Id.*  The letter continued

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 7

that SEIU 1948 did not instruct the Evergreen School District to stop Ms.

Crouthamel's dues deductions, and the School District continued to deduct dues

from her wages.

Evergreen School District continued to deduct union dues from Ms.

McCallister's wages until SEIU 1948 requested that Evergreen School District cease

deducting union dues from Ms. McCallister's wages in June 2020.  The deductions

ended as of June 2020 following SEIU 1948's notice.

### *Plaintiff Joanne Baker*

Ms. Baker began working as a health technician in the Kent School District in

September 2005 and became an administrative assistant in the District in 2007.  Ms.

Baker's employment is in a bargaining unit represented by SEIU 1948 with the Kent

School District.  Ms. Baker became an SEIU 1948 member on September 15, 2005.

Ms. Baker signed a new SEIU 1948 membership card on May 3, 2018.  At the time

of signing the 2018 membership card, Ms. Baker was working in a bargaining unit

covered by the CBA between the Kent School District and SEIU 1948 in effect from

2015 through 2018.

The chargeable agency fee applicable to non-members of the union who

worked in bargaining units covered by 2015-2018 CBA was 68.6% of the union

dues paid by union members.  Non-members could object to paying the non-

chargeable portion of the agency fee.  Non-members who did not object to the non-

chargeable portion paid an agency fee equal to full union dues. In 2018, union dues were 1.75% of an employee's base wages, with a maximum of $56 per month.

Ms. Baker sent two letters to SEIU 1948, the first letter dated December 10, 2018, and received on December 13, 2018, and the second dated October 9, 2019, and received on October 15, 2019. The SEIU 1948 responded to Ms. Baker's December 2018 letter on January 4, 2019, instructing Ms. Baker that she could opt out of the deduction of the regular dues rate between March 19, 2019, and April 3, 2019. ECF No. 35-28. A representative of SEIU 1948 responded to Ms. Baker's October 2019 letter that her next opt-out period was March 19, 2020, until April 3, 2020. ECF No. 35-30. SEIU 1948 did not instruct the Kent School District to stop Ms. Baker's dues deductions, and the School District continued to deduct dues from her wages.

On March 10, 2020, Ms. Baker emailed the Kent School District, notifying the School District that she had resigned from the union as of March 2020 and asking the District to cease remitting a portion of her paycheck to the union "from April on." ECF No. 35-31. On March 17, 2020, SEIU 1948 instructed the Kent School District by email to stop deducting union dues from Baker's wages, and the School District stopped the deductions as of March 2020.

### *Amended Complaint*

Plaintiffs' Amended Complaint, ECF No. 25, raises claims, on behalf of themselves and others similarly situated, for: (1) violation of the First Amendment

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 9

of the U.S. Constitution, through 42 U.S.C. § 1983, by deducting union dues or fees from Plaintiffs' wages; (2) violation of due process under the Fourteenth Amendment of the U.S. Constitution, through 42 U.S.C. § 1983; (3) violation of the First Amendment, through 42 U.S.C. § 1983, to the extent that RCW 41.56.110 and the relevant collective bargaining agreements force Plaintiffs to maintain union membership over their objection; (4) violation of the First Amendment and Fourteenth Amendment, through 42 U.S.C. § 1983, by agreeing or conspiring to deprive Plaintiffs and class members of their constitutional rights; (5) breach of contract under Washington State law, by including irrevocability provisions in the 2018 SEIU 1948 membership agreements without consideration and in violation of the original dues deduction authorization agreements; and (6) unjust enrichment under Washington State law, by knowingly receiving a benefit in the form of a percentage of Plaintiffs' wages.  ECF No. 25 at 17–22.  Plaintiffs seek declaratory judgments that:

> RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article 14 of the Evergreen and Kent CBAs, and other cited provisions of the CBAs, on their face and as applied, violate the First Amendment's free speech clause and Fourteenth Amendment's due process clause and are unconstitutional and of no effect because they permit and compel the State to deduct union dues/fees from Plaintiffs' wages even though they have not clearly and affirmatively consented to the deductions by waiving the constitutional right to not fund union advocacy, and/or because the dues deduction procedure lacks the constitutionally required procedural safeguards in that, inter alia, it is entirely controlled by SEIU 1948, an interested party, the Districts must seize Plaintiffs' wages and remit them to SEIU 1948 on the ex parte application of SEIU

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 10

1948, and the procedure results in the deprivation of Plaintiffs'
money/property without notice;

. . . that Defendants conspired to deprive Plaintiffs and class members
of their First Amendment free speech rights and Fourteenth
Amendment due process rights by deducting union dues/fees from their
wages even though they have not clearly and affirmatively consented
to the deductions by waiving the constitutional right to not fund union
advocacy, and/or because the dues deduction procedure lacks the
constitutionally required procedural safeguards in that, inter alia, it is
entirely controlled by SEIU 1948, an interested party, the Districts must
seize Plaintiffs' wages and remit them to SEIU 1948 on the ex parte
application of SEIU 1948, and the procedure results in the deprivation
of Plaintiffs' money/property without notice; [and]

. . . that Defendants breached its contracts with Plaintiffs and class
members, were unjustly enriched by the deduction of union dues from
Plaintiffs' and class members' wages, and violated Plaintiffs' First
Amendment freedom of association[.]

ECF No. 25 at 23–24.

Plaintiffs also seek to permanently enjoin Defendants "from engaging in any

activity this Court declares illegal, including but not limited to, the deduction of

union dues/fees from Plaintiffs' and class members' wages, and the continuation and

enforcement of RCW 41.56.110, Article 11 of the Walla Walla CBAs, and Article

14 of the Kent and Evergreen CBAs, and other cited provisions of the CBAs, insofar

as doing so is unconstitutional and of no effect[.]"  ECF No. 25 at 25.

## LEGAL STANDARD

When parties file cross-motions for summary judgment, the Court considers

each motion on its own merits.  *See Fair Housing Council of Riverside Cty., Inc. v.*

*Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).  A court may grant summary

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 11

judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 324.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 12

movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## *JANUS* DECISION

The U.S. Supreme Court held in *Janus*, that a public employer violates the First Amendment by automatically deducting agency fees from nonmembers' wages to subsidize union speech. 138 S. Ct. at 2486. As noted in the Background section above, as a result of *Janus*, it is undisputed that the School Districts stopped deducting agency fees from nonmembers of SEIU 1948 in approximately June 2018.

## SECTION 1983

Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To secure relief under section 1983, a plaintiff must demonstrate two essential elements: (1) that the defendant violated a right secured by the U.S. Constitution or federal statute; and (2) the violation was committed by a person acting under the color of state law. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."). "A person 'subjects' another to the

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 13

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (internal quotation omitted).

## DISCUSSION

### First Amendment

As an initial matter, Plaintiffs acknowledge that the decision by the United States Court of Appeals for the Ninth Circuit in *Belgau v. Inslee*[2] is controlling with respect to their contention in the Complaint that a government violates the First Amendment by deducting union payments from "the wages of public employees who have not waived their First Amendment right to not fund union advocacy." ECF Nos. 1 at 2; 37 at 23.

In *Belgau*, an opinion issued after Plaintiffs filed their Complaint, the Ninth Circuit affirmed the district court's summary judgment against plaintiffs alleging that deduction of post-resignation union dues from plaintiffs' paychecks violated the First Amendment. 975 F.3d at 951–52. In *Belgau*, the Ninth Circuit joined a "swelling chorus of courts" that has recognized that "*Janus* does not extend a First

---

[2] 975 F.3d 940 (9th Cir. 2020), *reh'g en banc denied*, 2020 U. S. App. LEXIS (Oct. 26, 2020), *pet. for certiorari filed* (Feb. 11, 2021).

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 14

Amendment right to avoid paying union dues" when those dues arise out of a "contractual relationship between the union and its employees." 975 F.3d at 950–51; *see also Fischer v. Governor of N.J.*, No. 19-3914, 19-3995, 2021 U.S. App. 1158, at *19–20 (Jan. 15, 2021) ("*Janus* does not give Plaintiffs the right to terminate their commitments to pay union dues unless and until those commitments expire under the plain terms of their membership agreements."). It is not this Court's prerogative to determine whether, as Plaintiffs posit, the *Belgau* decision was wrongly decided. *See* ECF No. 37 at 22 ("The Ninth Circuit erred in *Belgau* when it found that a constitutional waiver was not required for public employers to deduct union payments from employees' wages.").

Therefore, Plaintiffs' first and third claims, for violation of the First Amendment through 42 U.S.C. § 1983, must be dismissed on summary judgment pursuant to the controlling law of this Circuit.

### State Action

Plaintiffs assert that the deduction of dues from Plaintiffs' wages after they terminated their initial agreements amounted to state action by both the School Districts and SEIU 1948. ECF No. 37 at 22. Defendants respond that Plaintiffs' section 1983 claims against SEIU 1948 fail "at the threshold for lack of state action." ECF No. 38 at 13.

There is no liability under section 1983 unless the defendant acted under color of law. 42 U.S.C. § 1983; *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir.

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 15

1989).  "The state actor requirement ensures that not all private parties face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them."  *Collins*, 878 F.2d at 1151.  With respect to Plaintiffs' two section 1983 claims involving the First Amendment, the First Amendment protects only against abridgement by the government, so "state action is a necessary threshold which [a plaintiff] must cross . . . ."  *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017).

The *Belgau* Ninth Circuit panel explicitly held that the union in that case did not act in concert with the state when it authorized deductions from employees' payrolls, and the state administered those deductions.  975 F.3d at 947.  The Ninth Circuit found that "the 'source of alleged constitutional harm' is not a state statute or policy but the particular private agreement between the union and Employees."  *Id.*  "Because the private dues agreements did not trigger state action and independent constitutional scrutiny, the district court properly dismissed the claims" against the union.  975 F.3d at 949.

The Plaintiffs in this matter do not set forth any facts supporting that the School Districts did anything more than ministerial implementation of a private agreement between Plaintiffs and SEIU 1948.  Therefore, there is nothing in the undisputed factual context that the union engaged in state action through joint action with a public entity.  As discussed, state action is an element of a section 1983 claim.  Accordingly, the Court grants summary judgment dismissal of Plaintiffs'

section 1983 claims, Claims 1, 2, 3, and 4, as to Defendant SEIU 1948 based on Plaintiffs' failure to show that SEIU 1948 is a state actor.

### *Due Process*

Plaintiffs move for summary judgment on their due process claims by arguing that Defendants deprived Plaintiffs of a property interest in their salary when they deducted union dues from their wages after Plaintiffs resigned their union membership.  ECF No. 39 at 6–8.

Defendants respond and move for summary judgment in their favor on the assertion that Plaintiffs did not suffer any governmental deprivation implicating the Due Process Clause because Plaintiffs voluntarily had agreed to pay the dues that were deducted, and the state's procedure under RCW § 41.56.110 comports with due process.  ECF No. 40 at 10.

To establish a procedural due process violation, a plaintiff must establish: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Otherwise articulated, a court first asks "whether there exists a liberty or property interest of which a person has been deprived." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  If so, then the Court inquires as to "whether the procedures [protecting that right] were constitutionally deficient." *Id.*

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 17

1   Several other district courts examining the same issue presented by the

2   Amended Complaint here have found that plaintiffs do not suffer a deprivation of a

3   protected property interest when a public entity deducts dues pursuant to plaintiffs'

4   union membership agreements.  *See Wagner v. Univ. of Wash.*, No. 2:20-cv-00091-

5   BJR, 2020 U.S. Dist. LEXIS 166328, at *13 (W.D. Wash. Sep. 11, 2020); *Marsh v.*

6   *AFSCME Local 3299*, No. 19-cv-02382, 2020 U.S. Dist. LEXIS 133767, at *26

7   (E.D. Cal. July 28, 2020); *Molina v. Pa. Soc. Serv. Union, Serv. Emples. Int'l*, No.

8   1:19-CV-00019, 2020 U.S. Dist. LEXIS 81307, at *29 (M.D. Pa. May 8, 2020).

9   Plaintiffs define the interest that was allegedly infringed as their interest in their

10  wages, but the district court in *Wagner* rejected this on sound logic: "Here, the

11  question is not whether Plaintiff has a liberty or property interest in her wages, as

12  she argues, but whether she suffered a deprivation of a constitutionally protected

13  interest when the University deducted membership dues according to Plaintiffs [sic]

14  membership agreements.  The answer, as this Court outlined above and every Court

15  examining the question has concluded, is that she did not suffer the deprivation of a

16  liberty or property interest as she voluntarily assented to Union membership and

17  deduction of Union dues."  2020 U.S. Dist. LEXIS 166328, at *12–13; *see also*

18  *Marsh*, 2020 U.S. Dist. LEXIS 133767, at *26 ("*Janus* did not, as Plaintiffs suggest,

19  provide a basis for invalidating union membership agreements for employees who,

20  post-Janus, come to regret their membership decision."); *Molina,* 2020 U.S. Dist.

21  LEXIS 81307, at *29 ("[Plaintiff] was not deprived of an individual liberty interest.

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 18

His union dues were deducted from his paycheck to satisfy his contractual obligation to the union and did not violate his First Amendment rights.").

Moreover, with respect to Plaintiffs' request for injunctive relief to prevent future due process violations, other courts have recognized that plaintiffs lack standing if they allege no more than speculative allegations of future injury. *See Wagner*, 2020 U.S. Dist. LEXIS 166328, at *13–14 (citing *Marsh*, 2020 U.S. Dist. LEXIS 133767, at *26; *Mayfield v. U.S.*, 599 F.3d 964, 970 (9th Cir. 2010). The dues deductions for Plaintiffs already have stopped, and Plaintiffs do not present any basis for finding that future or recurring injury is likely.

### *Conspiracy*

Plaintiffs also allege that Defendants conspired to violate their constitutional rights under the First and Fourteenth Amendments. ECF No. 25 at 21. Plaintiffs cannot prevail on a conspiracy to violate constitutional rights claim without demonstrating a constitutional violation. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012) ("Conspiracy is not itself a constitutional tort under § 1983. . . . It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation.").

The Court has found that Defendants did not deprive Plaintiffs of First Amendment rights or of Due Process rights. Therefore, Defendants are entitled to summary judgment dismissal of Plaintiffs' section 1983 claims based on the First and Fourteenth Amendments. Because the Court finds that Defendants have not

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 19

violated any of Plaintiffs' constitutional rights, Plaintiffs' Claim 4, conspiracy to violate constitutional rights claim, also fails. *See Cassettari v. Nev. Cty.*, 824 F.2d 735, 739 (9th Cir. 1987) ("The insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations.").

### State Law Claims

"A court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all the claims over which it has original jurisdiction." *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (citing 28 U.S.C. § 1367(c)(3)). When a court dismisses all federal law claims before trial, "the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, (1988); *accord Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

The Court has not expended significant judicial resources on this matter beyond resolving the parties' cross-motions for summary judgment, and all claims arising out of federal law have been decided in favor of Defendants. Therefore, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses Claims 5 (breach of contract) and 6 (unjust enrichment) without prejudice.

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 20

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Summary Judgment, **ECF No. 37**, is **DENIED**.

2. Defendants' Cross-Motion for Summary Judgment, **ECF No. 38**, is **GRANTED**.

3. Judgment shall be entered for Defendants on all federal claims (Claims 1 through 4) in this action.

4. The remaining state law claims (Claims 5 and 6) are **dismissed without prejudice** because the Court declines to exercise supplemental jurisdiction.

5. Any other pending motions are denied as moot, and any upcoming hearings or deadlines in this matter are stricken.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment for Defendants as directed, provide copies to counsel, and **close the file** in this case.

**DATED** April 22, 2021.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 21