FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLYN CROUTHAMEL, DIANE MCCALLISTER, and JOANNE BAKER, on behalf of themselves and all others similarly situated, as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WALLA WALLA PUBLIC SCHOOLS, a Washington public school district; EVERGREEN PUBLIC SCHOOL DISTRICT, a Washington public school district; KENT PUBLIC SCHOOL DISTRICT, a Washington public school district; and PUBLIC SCHOOL EMPLOYEES, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1948, a labor corporation,<br><br>Defendants. | NO: 4:20:-CV-5076-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is a Motion for Reconsideration by Plaintiffs Carolyn Crouthamel, et al., ECF No. 44. Defendants Walla Walla Public Schools,

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 1

et al. filed a response in opposition to reconsideration. ECF No. 45. Plaintiffs did not file a reply. *See* LCivR 7(e) (providing that the Court may interpret a failure to adhere to the local rules governing motion practice as consent to entry of an adverse order).

## BACKGROUND

The Court presumes familiarity with the background and procedural history of this case, as recited in the summary judgment order ("April 22, 2021 Order"). *See* ECF No. 42. The April 22, 2021 Order directed entry of judgment for Defendants on all of Plaintiffs' federal claims, finding in relevant part that Plaintiffs' two claims alleging violation of the First Amendment through 42 U.S.C. § 1983 were precluded by controlling law of this Circuit, as set forth in *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020), *reh'g en banc denied*, 2020 U.S. App. LEXIS (Oct. 26, 2020), *cert. denied*, 2021 U.S. LEXIS 3373 (June 21, 2021). *See* ECF Nos. 42 (April 22, 2021 Order); 43 (Judgment).

Plaintiffs filed the instant Motion for Reconsideration on April 26, 2021, alleging that the Court erroneously "disposed of all Plaintiffs' First Amendment claims based on the incorrect premise that Plaintiffs conceded that the Ninth Circuit's *Belgau* decision controls all its First Amendment claims." ECF No. 44 at 3. Plaintiffs argue that while they agree that *Belgau* forecloses their claim that Defendants violated the First Amendment by deducting union payments from Plaintiffs' wages without first acquiring a First Amendment waiver, Plaintiffs

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 2

offered two alternative arguments. *Id.* at 3–4. Plaintiffs argue that they made a "procedural-related" First Amendment claim that the Ninth Circuit had not addressed in *Belgau*, and also argued that the membership agreements that provide for dues deductions were "void *ab initio* for lack of consideration." *Id.*

Defendants filed their response to Plaintiffs' Motion on May 7, 2021, arguing that Plaintiffs' basis for seeking reconsideration "is both factually inaccurate and legally irrelevant." ECF No. 45 at 4. Defendants assert that the Court did not state that Plaintiffs made any concession specific to their "procedural" First Amendment claim. *See* ECF No. 45 at 4 (quotation marks used by Defendants). Defendants further assert that, as a legal matter, the Court appropriately recognized that "Plaintiffs' First Amendment claims are foreclosed by [the holding of *Belgau*], however Plaintiffs purport to describe those claims." *Id.* at 5–6 (citing *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result.")).

Plaintiffs filed a Notice of Appeal on May 19, 2021. ECF No. 47.

## LEGAL STANDARD

Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, a motion for reconsideration pursuant to Fed. R. Civ. P. 59

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 3

postpones the effect of a notice of appeal until the motion for reconsideration is resolved. Fed. R. App. 4(a)(4).

Courts in this Circuit disfavor motions for reconsideration and deny them "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see also* Fed. R. Civ. P. 59(e). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time whey they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original)).

## DISCUSSION

Plaintiffs seek reconsideration on the basis that the Court erred by dismissing their First Amendment claims, as Plaintiffs allege, "on the incorrect premise" that Plaintiffs conceded that the *Belgau* decision controls all of their First Amendment claims. ECF No. 44. However, the Court's description of what the Plaintiffs conceded was narrow and consistent with what Plaintiffs continue to acknowledge:

> Plaintiffs acknowledge that the decision by the United States Court of Appeals for the Ninth Circuit in *Belgau*[] is controlling with respect to their contention in the Complaint that a government violates the First

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 4

Amendment by deducting union payments from "the wages of public employees who have not waived their First Amendment right to not fund union advocacy." *See* ECF No. 42 at 14–15 (citing ECF Nos. 1 at 2; 37 at 23); *see also* ECF No. 44 at 3.

Furthermore, it is immaterial whether Plaintiffs conceded any other theory of their First Amendment claims because *Belgau* held that nearly identically situated plaintiffs suffered no violation of their First Amendment rights. *See Belgau*, 975 F.3d at 950–51. *Belgau* left no opening through which any other theory of Plaintiffs' First Amendment claims could fit, and the Court dismissed Plaintiffs' First Amendment claims "pursuant to the controlling law of this Circuit," not pursuant to Plaintiffs' acknowledgement of that law. *See* ECF No. 42 at 15. Finally, Plaintiffs' argument that the membership agreements were void for lack of consideration is based in contract, not on the First Amendment.

In short, the Court did not find a concession as the Plaintiffs allege, and, more critically, the Court did not rely on Plaintiffs' concession to conclude that Plaintiffs' First Amendment claims are foreclosed by controlling Ninth Circuit authority. Accordingly, reconsideration is not warranted based on clear error.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Reconsideration, **ECF No. 44**, is **DENIED**.
2. The file in this case shall remain closed.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 23, 2021.

<u>*s/ Rosanna Malouf Peterson*</u>
ROSANNA MALOUF PETERSON
United States District Judge